

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**LISA M. RICHARDSON**
*Assistant Corporation Counsel*
phone: (212) 442-0832
fax: (212) 788-9776
email: lrichard@law.nyc.gov

December 31, 2010

BY ECF
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:   <u>Nahajeha Dickerson v. City of New York, et al.</u>, 10 CV 4620 (BMC)

Dear Judge Cogan:

       I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, and the attorney for defendants City of New York, the New York City Police Department, and the New York City Department of Correction ("City Defendants") in the above-referenced case. Pursuant to the Court's Order dated October 15, 2010, and in advance of the initial conference currently scheduled for January 5, 2011 at 10:00 a.m., the parties have conferred and now submit this joint letter to set forth a brief description of the case, including factual, jurisdictional, and legal basis for the claims and defenses, as well as addressing any contemplated motions.

**Description of the Case:**

       Plaintiff's Statement of the Case:

       On October 15, 2009 at approximately 6:00 a.m., plaintiff was inside her apartment located at 2926 West 25th Street, Apartment 701E in Brooklyn. At the aforesaid time and place, members of the New York City Police Department, including Detectives Terrell and Sagardia entered her residence. The detectives searched plaintiff's apartment and allegedly recovered contraband, which was alleged to be the property of plaintiff. The detectives alleged to have found the contraband in a dresser in plaintiff's bedroom. At no time was plaintiff in possession of any illegal substance or material.

Following plaintiff's arrest for Criminal Possession of a Controlled Substance and other related charges, plaintiff was arraigned. At arraignment bail was set, but plaintiff's family was unable to post bail and plaintiff was transferred to the custody of the New York City Department of Correction. On October 18, 2009, at approximately 2:00 a.m., while int eh custody of the Department of Correction, plaintiff was summoned to the office of Doctor Franck Leveille for a physical examination. Dr. Leveille informed plaintiff that she needed to write down her cell phone number in order for her to have a "tuberculosis test", and that if plaintiff did not comply she would be placed on "lockdown". When plaintiff refused to give Dr. Leveille her phone number, Dr. Leveille threatened to write plaintiff up for "refusing to submit to the examination". Plaintiff told Dr. Leveille that he couldn't do that, but Dr. Leveille responded "yes I can". At this point plaintiff wrote down her cell phone number and gave it to Dr. Leveille.

Immediately following this interaction, Dr. Leveille proceeded to "examine" plaintiff, placing his hand under her shirt, cupping her left breast and massaging her nipple with his finger several times, telling her to take deep breaths while so doing. Plaintiff asked Dr. Leveille "what are you doing", and the defendant stopped and told her to go for her blood work. After having her blood drawn, plaintiff was escorted back out to Dr. Leveille who tried to make conversation with her by asking her where she lived, why she didn't get bailed out, and what the meaning of her first name was. Dr. Leveille then informed plaintiff that she needed to have a "pap smear examination". Plaintiff refused, and Dr. Leveille proceeded to tell plaintiff at least five times that she "really needed to have a pap smear examination". Plaintiff refused, and Dr. Leveille began asking plaintiff if she had a boyfriend and when was the last time she had been sexually active. During this period of time, Dr. Leveille told plaintiff that she was "beautiful" and that he "loved the thickness about her", which is why he wanted to "see her last". Dr. Leveille then proceeded to place his hand under plaintiff's shirt again, cupping and holding her breast while massaging plaintiff's back.

When plaintiff was released from the custody of the Department of Correction, she complained of this incident to an unknown correction officer. The correction officer informed plaintiff that there was "nothing she could do" and that plaintiff should "forget the whole thing ever happened". The correction officer did not report plaintiff's complaints to her supervisors. Plaintiff also reported Dr. Leveille's conduct to the New York City Police Department's 41st Precinct, 60th Precinct, and the Special Victims Squad, all to no avail. Upon information and belief, the New York City Department of Correction had notice of the type of behavior complaint of by plaintiff against Dr. Leveille. Dr. Leveille was subsequently arrested in March of 2010 and charged with sexually assaulting another female inmate.

Plaintiff spent approximately five days in the custody of the New York City Department of Correction. She was released when members of the Office of Special Narcotics refused to present the charges to a Grand Jury. In May 2010, all criminal charges against plaintiff were dismissed and sealed.

Defendant Dr. Leveille's Statement of the Case:

Defendant Dr. Leveille, who is represented in this action by John Barbera, Esq.., vehemently denies plaintiff's allegations. Dr. Leveille had no involvement in the underlying arrest of plaintiff by members of the New York City Police Department.

2

City Defendants' Statement of the Case:

On October 16, 2009, members of the New York City Police Department went to plaintiff's apartment to execute a search warrant. The search warrant authorized the officers to search the residence for drugs and other contraband, and also authorized them to search the person of an individual identified as "JD Braids", if found within the residence. Detectives Terrell and Sagardia, along with others, executed the search warrant and recovered contraband including marijuana, crack cocaine, cash, two digital scales, a 12 gauge shotgun, and over 300 rounds of ammunition. The detectives arrested plaintiff, along with four other individuals who were found inside of the apartment. Plaintiff was charged with Criminal Possession of a Controlled Substance in the 2nd Degree, Criminal Possession of a Controlled Substance in the 3rd Degree with Intent to Sell, and Criminal Possession of a Loaded Weapon in the 2nd Degree. The City Defendants have not yet received the Criminal Court file or the District Attorney's file, and therefore have not been able to confirm the final disposition of plaintiff's criminal case. However, a check with the Office of Court Administration shows that all records related to plaintiff's arrest are presently sealed.

Plaintiff was admitted to the custody of the New York City Department of Correction on October 17, 2009, and was released on October 19, 2009. The City Defendants respectfully submit that they are still investigating the claims that plaintiff has brought regarding the alleged misconduct that occurred while she was incarcerated. However, the parties have learned that the New York City Department of Investigation is currently engaged in an investigation into the incident alleged in plaintiff's complaint. As discussed below, the parties anticipate moving for a stay of all discovery in the instant case until this internal investigation is completed.

**Jurisdiction:**

Plaintiff's Basis of Subject Matter Jurisdiction:

This action is brought pursuant to 42 U.S.C. §1981 and 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

Defendants' Statement on Subject Matter Jurisdiction:

Given the nature of plaintiff's present allegations and claims for, inter alia, false arrest pursuant to 42 U.S.C. § 1983, subject matter jurisdiction is not contested by defendants at this time.

**Summary of Claims and Defenses:**

Plaintiff's Claims:

1. False arrest in violation of 42 U.S.C. 1983 and the Fourteenth Amendment.

3

2. Violation of palintiff's right to procedural due process under 42 U.S.C. 1983 and the Fourteenth Amendment.

3. Unlawful touching by Defendant Doctor Leveille in violation of 42 U.S.C. 1983 and the Fourteenth Amendment, as well as violations of various New York State Penal Law Statutes.

4. Due process violations under 42 U.S.C. 1983 and the Fourteenth Amendment.

5. False arrest.

6. Intentional Infliction of Emotional Distress.

7. Negligent hiring, training, and supervision by the City of New York.

8. Respondeat Superior.

At this juncture, the City Defendants assert, inter alia, the following defenses:

1. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

2. At all times relevant to the acts alleged in the complaint, defendant City and its agents and employees acted reasonably in the proper and lawful exercise of their discretion.

3. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of the defendants.

4. Plaintiff may not recover punitive damages from defendant City of New York. Newport v. Fact Concerts, 453 U.S. 247, 271 (1981).

5. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability. Estate of Yankel Rosenbaum v. City of New York, 982 F. Supp. 894 (E.D.N.Y. 1997); Mon v. City of New York, 78 N.Y.2d 309, 574 N.Y.S.2d 529, 531-32 (1991).

6. Plaintiff cannot show that a municipal policy, custom or practice was the moving force behind any constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

7. Plaintiff has failed to comply with Gen. Mun. L. §§ 50-e, 50-h, and 50-i.

8. The New York City Police Department and the New York City Department of Correction are not suable entities.

9. There was probable cause for plaintiff's arrest and prosecution.

<u>At this juncture, defendant Dr. Leveille asserts, inter alia, the following defenses:</u>

1. Defendant Dr. Leveille has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof

2. Defendant Dr. Leveille denies liability, but if liability is found against this defendant and the liability is found to be 50% or less of the total liability assigned to all persons liable, then this defendant invokes the limits on liability for noneconomic loss set forth in New York CPLR §1601.

3. That defendant Dr. Leveille asserts the terms, provisions, limitations and rights contained in §4545 of the New York CPLR

4. Whatever injuries plaintiff may have sustained at the time and place alleged in the complaint were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff

5. Defendant Dr. Leveille was and is not a state actor

6. Defendant Dr. Leveille is immune from suit under the doctrines of qualified and absolute immunity

7. Plaintiff has failed to comply with Gen. Mun. L. §§ 50-e, 50-h, and 50-i

8. That the complaint fails to state a cause or causes of action upon which relief can be granted against defendant Dr. Leveille.

9. This Court lacks subject matter jurisdiction over this action

10. Defendant Dr. Leveille at all times acted in good faith and with justification

**Anticipated Motions:**

Plaintiff's Position:

Plaintiff does not anticipate any motions in this case as stark factual disputes preclude judgment as a matter of law.

### Defendant Dr. Leveille's Position:

Dr. Leveille anticipates filing a motion to sever the NYPD defendants from the NYC Correction defendants on grounds that the allegations of false arrest are irrelevant and prejudicial to Dr. Leveille's defense to the allegations concerning unlawful touching.

Dr. Leveille further anticipates filing a motion in limine should this case proceed to a trial. Defendant's motion will be made to preclude plaintiff from introducing evidence and testimony regarding the unrelated criminal charges that are currently being levied against Dr. Leveille, as referenced in paragraph 15 of the Complaint.

### City Defendant's Position:

The City Defendants anticipate filing a motion for partial judgment on the pleadings, or in the alternative, for summary judgment on plaintiff's claim for false arrest. This motion will be based on the fact that a valid search warrant was issued for plaintiff's residence, and that the officers executing the search warrant found illegal contraband. In light of these facts, the City Defendants respectfully submit that plaintiff's claim for false arrest must be dismissed as there was probable cause for plaintiff's arrest. See Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006) (citing Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)).

Additionally, the City Defendants anticipate filing a motion to have the present action stayed in its entirety pending the outcome of the internal investigation into the incident alleged to have occurred while plaintiff was incarcerated in the custody of the New York City Department of Correction. As noted above, the parties have confirmed that the New York City Department of Investigation ("DOI") is currently investigating the claims brought by plaintiff against Dr. Leveille. Furthermore, plaintiff's counsel has informed defendants that an arrest of Dr. Leveille on criminal charges stemming from this incident is also likely. Defendants submit that they cannot conduct a thorough investigation into the facts alleged in plaintiff's complaint, or properly assess the case while DOI is conducting their investigation. Furthermore, until the investigation into the incident alleged in plaintiff's complaint is complete and a final decision has been made, the City Defendants submit that the records, transcripts and preliminary findings from the DOI investigation would be predecisional material protected by the deliberative process privilege. See generally United States Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S 1, 8 (2001); Hopkins v. United States Dep't of Housing and Urban Dev., 929 F.2d 81, 84-85 (2d Cir. 1991). As this material comprises a significant portion, if not the bulk of the document discovery to be produced by the City Defendants in the instant litigation, defendants believe a stay of this action pending the conclusion of the administrative proceedings is appropriate in these circumstances. See United States v. Kordel, 397 U.S. 1, 12 n.27 (1970) (Courts are empowered with "discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require.").

Thank you for your consideration in this regard.

Respectfully submitted,

*/s/ Lisa Richardson*
Lisa M. Richardson
Assistant Corporation Counsel
Special Federal Litigation Division

cc: BY ECF
    Victor M. Brown, Esq.
    *Attorney for Plaintiff*
    11 Park Place, Suite 600
    New York, NY 10007

    BY ECF
    John J. Barbera Esq.
    *Attorney for Defendant Dr. Leveille*
    Martin Clearwater & Bell LLP
    245 Main Street
    White Plains, New York 10601

7