UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          10 CV 4620
---------------------------------------------------------X
NAHAJEHA DICKERSON,                    **SECOND**
            Plaintiff,                **AMENDED**
                                       **COMPLAINT &**
       v.                          **JURY DEMAND**

THE CITY OF NEW YORK,
THE NEW YORK CITY DEPARTMENT OF CORRECTIONS,
PRISON HEALTH SERVICES, INC., (PHS)
PHS MEDICAL SERVICES, P.C.,
DOCTOR FRANCK LEVEILLE,
NEW YORK CITY CORRECTIONS OFFICER
LATISHA FARLEY, Shield # 18331,
            Defendant(s).
---------------------------------------------------------X

**PRELIMINARY STATEMENT**

1. This is a Civil Rights action in which Plaintiff, NAHAJEHA DICKERSON, seeks redress for the Defendant's violation of her rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

**JURISDICTION**

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections

2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff, NAHAJEHA DICKERSON, is a United States Citizen and resident of the United States, and is and at all times relevant herein is a resident of the State of New York.

8. Defendant NEW YORK CITY CORRECTIONS OFFICER LATISHA FARLEY, Shield Number 18331, upon information and belief of Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS, Rikers Island Facility, is and at all times relevant, an officer, agent/employee of Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS, a municipal agency of Defendant CITY OF NEW YORK. Defendant OFFICER LATISHA FARLEY is sued individually and in her official capacity. At all times relevant Defendant OFFICER LATISHA FARLEY was acting under the color of State Law in the course and scope of her official duties and functions as agent, servant, employee and officer of Defendants CITY OF NEW YORK and the NEW YORK CITY DEPARTMENT OF CORRECTIONS and otherwise performed and engaged in conduct incidental to the performance of her lawful duties. Defendant OFFICER LATISHA FARLEY was

acting for and on behalf of Defendants CITY OF NEW YORK and the NEW YORK CITY DEPARTMENT OF CORRECTIONS at all times relevant herein with the power and authority vested in her as a Corrections Officer, agent and employee of Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of her duties as an officer, employee and agent of Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Corrections Department which acts as its agent in the area of corrections and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Corrections Department and the employment of Corrections Officers as said risk attaches to the public consumers of the services provided by Defendants NEW YORK CITY DEPARTMENT OF CORRECTIONS, PRISON HEALTH SERVICES INCORPORATED (PHS), and PHS MEDICAL SERVICES, P.C.

10. Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all corrections functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a correctional force, the employment of Corrections Officers and Medical Personnel responsible for the medical evaluation, care and treatment of persons held in Correctional Facilities in the CITY OF NEW YORK by Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS.

11. Upon information and belief, Defendants PRISON HEALTH SERVICES INC. (PHS) and PHS MEDICAL SERVICES, P.C are corporations licensed and authorized to do business in the

State of New York. Upon information and belief PRISON HEALTH SERVICES and PHS MEDICAL SERVICES, P.C. have contracted with the corrections departments in multiple states across the United States to provide health and medical services for individuals incarcerated in various State correctional facilities. Upon information and belief, Defendants PRISON HEALTH SERVICES and PHS MEDICAL SERVICES, P.C. contracted with Defendant CITY OF NEW YORK and its DEPARTMENT OF HEALTH AND MENTAL HYGIENE from January 1, 2008 through December 31, 2010 to provide healthcare, including medical screening exams upon incarcerated individuals on behalf of, and in the stead of, Defendants CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF CORRECTIONS for individuals committed to the custody of Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS. Defendants PRISON HEALTH SERVICES INCORPORATED and PHS MEDICAL SERVICES P.C. employ New York State licensed medical personnel consisting of, but not limited to, doctors and nurses, including named Defendant DOCTOR FRANCK LEVEILLE, who provide medical screening, care and treatment to individuals incarcerated within and by Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS and Defendant CITY OF NEW YORK. Upon information and belief, in its contractual role, Defendants PRISON HEALTH SERVICES and PHS MEDICAL SERVICES P.C. serve as State actors on behalf of Defendants CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF CORRECTIONS in the area of providing medical care to inmates that are held in the custody of Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS.

**STATEMENT OF FACTS**

12. On October 18, 2009, at approximately 2:00 a.m., while the Plaintiff was incarcerated

and in the custody of Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS, Rikers Island Facility, the Plaintiff was summoned to an office by Defendant DOCTOR LEVEILLE, purportedly for a "physical examination". Defendant DOCTOR LEVEILLE, who was alone with the Plaintiff and unaccompanied by a chaperone, informed the Plaintiff that she had to write down her cell phone number for Defendant DOCTOR LEVEILLE in order for the Plaintiff to have a "tuberculosis test", otherwise the Plaintiff was going to be placed on "lockdown". When the Plaintiff refused to give the Defendant her phone number, Defendant DOCTOR LEVEILLE, who is an employee of Defendants PRISON HEALTH SERVICES, INCORPORATED and PHS MEDICAL SERVICES, P.C., stated that he was writing Plaintiff up for "refusing to submit to the examination". When the Plaintiff told Defendant DOCTOR LEVEILLE that "he can't do that", Defendant DOCTOR LEVEILLE stated "yes I can". At that point the Plaintiff wrote down her cell phone number and gave it to Defendant DOCTOR LEVEILLE, to which Defendant DOCTOR LEVEILLE stated "was that so hard". DOCTOR LEVEILLE then proceeded to conduct an "examination" the Plaintiff, placing his hand under the Plaintiff's shirt, cupping the Plaintiff's left breast with his right hand and massaging the Plaintiff's nipple with his finger several times, telling the Plaintiff to take deep breaths while so doing. When the Plaintiff asked Defendant DOCTOR LEVEILLE "what are you doing?" the Defendant stopped, and removed his hand from the Plaintiff's breast. After several minutes Defendant DOCTOR LEVEILLE then told the Plaintiff to go for her blood work. After the Plaintiff had her blood drawn Defendant DOCTOR LEVEILLE told NEW YORK CITY CORRECTIONS OFFICER MOELS (sic) to send the Plaintiff back in to see Defendant DOCTOR LEVEILLE, stating that the Plaintiff

had "forgot to sign something". When the Plaintiff returned, Defendant DOCTOR LEVEILLE, who was still without a female chaperone or escort, informed the Plaintiff that he wanted to confirm that Plaintiff had given him the correct cell phone number. Defendant DOCTOR LEVEILLE then tried to make conversation with the Plaintiff, asking the Plaintiff where she lived, why she didn't get bailed out, and what was "the meaning of Plaintiff's first name". Defendant DOCTOR LEVEILLE then informed the Plaintiff that she needed to have a "pap smear examination". When the Plaintiff refused, Defendant DOCTOR LEVEILLE proceeded to tell the Plaintiff at least five times that she "really needed to have a pap smear examination." When the Plaintiff again refused Defendant DOCTOR LEVEILLE then began to ask the Plaintiff if she had a boyfriend and when was the last time she was sexually active. During this time period Defendant DOCTOR LEVEILLE told the Plaintiff that she was "beautiful" and that he "loved the thickness about her", which is why he wanted to "see her last". Defendant DOCTOR LEVEILLE then proceeded to again place his hand under the Plaintiff's shirt, cupping and holding the Plaintiff's left breast in his right hand while he massaged the Plaintiff's back, and placing a stethoscope on Plaintiff's back, even though the Defendant had already conducted his "examination" earlier. The aforementioned conduct by Defendant DOCTOR LEVEILLE was done without the Plaintiff's permission or consent and caused the Plaintiff considerable humiliation, embarrassment and emotional upset.

**Second Incident**

16. Upon further information and belief, as the Plaintiff was being released from the custody of Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS the Plaintiff complained of the aforementioned conduct by Defendant DOCTOR FRANCK LEVEILLE

–6–

to Defendant NEW YORK CITY CORRECTIONS OFFICER LATISHA FARLEY, who informed the Plaintiff that there was "nothing she could do" and that the Plaintiff should "forget the whole thing ever happened" and that the Plaintiff "should report it to her precinct when she gets out." Upon further information and belief, Defendant NEW YORK CITY CORRECTIONS OFFICER FARLEY did not file an incident report concerning the Plaintiff's allegations, nor did Defendant OFFICER FARLEY report the Plaintiff's allegations concerning the conduct of Defendant DOCTOR FRANCK LEVEILLE to her superiors, or any other member of Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS, the NEW YORK CITY POLICE DEPARTMENT or the NEW YORK CITY DEPARTMENT OF INVESTIGATIONS as is required by law. Upon further information and belief after being released from custody of Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS the Plaintiff spent several days attempting to report the aforementioned incident involving Defendant DOCTOR LEVEILLE to members of the NEW YORK CITY POLICE DEPARTMENT, including the 41st precinct Detective Squad, the 60th Precinct, and the Special Victims Squad, all to no avail. As a result of the aforementioned incidents the Plaintiff has suffered and continues to suffer extreme emotional upset, embarrassment and humiliation as a result of the conduct of the named Defendants NEW YORK CITY DEPARTMENT OF CORRECTIONS, DOCTOR FRANCK LEVEILLE, PRISON HEALTH SERVICES and NEW YORK CITY CORRECTIONS OFFICER LATISHA FARLEY. Upon further information and belief, Defendant DOCTOR LEVEILLE was arrested, and indicted in March 2010, charged with sexually assaulting another female inmate who was in the custody of Defendant NEW YORK CITY

DEPARTMENT OF CORRECTIONS. Upon additional information and belief, Defendant DOCTOR FRANCK LEVEILLE subsequently violated the condition of his bail status by failing to appear on the aforementioned criminal indictment, resulting in the issuance of a bench warrant for his arrest and is presently a fugitive.

**FIRST FEDERAL CLAIM**

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution**

17. Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Sixteen (16) as if fully set forth herein.

18. That the actions of Defendants CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF CORRECTIONS in permitting Defendants PRISON HEALTH SERVICES INCORPORATED, PHS MEDICAL SERVICES, P.C., and DOCTOR FRANCK LEVEILLE to perform examinations of female inmates without the presence of a female escort or chaperone constitutes a policy and practice which did violate Section 42 U.S.C. 1983 by allowing the unlawful touching of Plaintiff.

19. As a consequence of Defendants CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF CORRECTION'S policy and practice, the Plaintiff has suffered and continues to suffer great fear and mental and emotional distress, and fear of the repetition of such unlawful conduct by Defendants NEW YORK CITY DEPARTMENT OF CORRECTIONS, THE CITY OF NEW YORK, PRISON HEALTH SERVICES INCORPORATED and PHS MEDICAL SERVICES P.C.

**SECOND FEDERAL CLAIM**

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution**

20.  Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Nineteen (19) as if fully set forth herein.

21. That the actions of Defendants PRISON HEALTH SERVICES, INCORPORATED and PHS MEDICAL SERVICES P.C., acting under the color of State Law and as a State actor, did violate Section 42 U.S.C. 1983 by unlawfully allowing the policy and practice of permitting male doctors to perform medical examinations of female inmates without a chaperone or escort present, resulting in the unlawful touching of Plaintiff by Defendant DOCTOR FRANCK LEVEILLE.

22.  As a consequence of the aforementioned policy and practice of Defendants PRISON HEALTH SERVICES INCORPORATED and PHS MEDICAL SERVICES P.C., the Plaintiff has suffered and continues to suffer great fear and mental and emotional distress, and fear of the repetition of such unlawful conduct by Defendants PRISON HEALTH SERVICES INCORPORATED, PHS MEDICAL SERVICES, P.C., THE NEW YORK CITY DEPARTMENT OF CORRECTIONS and THE CITY OF NEW YORK.

**THIRD FEDERAL CLAIM**

**Violation of Rights secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-**

23. Plaintiff incorporates by reference each of the allegations set forth in Paragraphs One (1) through Twenty Two (22) as if fully set forth herein.

24.  That the actions of Defendant DOCTOR FRANCK LEVEILLE, acting under color of

State law, did violate Section 42 U.S.C. 1983 by unlawfully touching Plaintiff under the guise of conducting a medical screening examination on behalf of Defendants NEW YORK CITY DEPARTMENT OF CORRECTIONS, PRISON HEALTH SERVICES INCORPORATED and PHS MEDICAL SERVICES, P.C.

25. As a consequence of Defendant DOCTOR FRANCK LEVEILLE'S actions, Plaintiff has suffered and continues to suffer great fear and mental and emotional distress, and fear of the repetition of such unlawful conduct by Defendants THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, PRISON HEALTH SERVICES INCORPORATED, and PHS MEDICAL SERVICES P.C.

**FOURTH FEDERAL CAUSE OF ACTION**

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-Due Process Violations**

26. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty Five (25) as if fully set forth herein.

27. That the actions of NEW YORK CITY CORRECTIONS OFFICER LATISHA FARLEY, Shield Number 18331, acting under color of State Law, did violate Section 42 U.S.C. 1983 by failing to report the unlawful conduct alleged against Defendant DOCTOR FRANCK LEVEILLE by Plaintiff.

28. As a result of the conduct of Defendant NEW YORK CITY CORRECTIONS OFFICER LATISHA FARLEY, Shield Number 18331, Plaintiff has suffered and continues to suffer great fear and mental and emotional distress, and fear of the repetition of such unlawful conduct by Defendant DOCTOR FRANCK LEVEILLE, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS

and Defendant CITY OF NEW YORK.

## FIRST STATE LAW CLAIM

29. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30. That the actions of Defendant CITY OF NEW YORK, by negligently vetting, hiring, training, screening, supervising and/or instructing Defendants PRISON HEALTH SERVICES, INCORPORATED and PHS MEDICAL SERVICES P.C. did result in the unlawful touching of the Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

31. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Thirty (30) as if fully set forth herein.

32. That the actions of Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS by negligently vetting, hiring, training, screening, supervising and/or instructing Defendants PRISON HEALTH SERVICES, INCORPORATED, and PHS MEDICAL SERVICES, P.C. did result in the unlawful touching of the Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

33. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Thirty Two (32) as if fully set forth herein.

34. That the actions of Defendants PRISON HEALTH SERVICES, INCORPORATED and PHS MEDICAL SERVICES P.C. by negligently hiring, training screening, supervising and/or instructing Defendant DOCTOR FRANCK LEVEILLE, did result in the unlawful touching of the

Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH STATE LAW CLAIM

35. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Thirty Four (34) as if fully set forth herein.

36. That the Defendants PRISON HEALTH SERVICES, INCORPORATED and PHS MEDICAL SERVICES P.C., through the doctrine of Respondeat Superior, are liable for the actions of Defendant DOCTOR FRANCK LEVEILLE, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH STATE LAW CLAIM

37. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Thirty Six (36) as if fully set forth herein.

38. That the actions of Defendants PRISON HEALTH SERVICES, INCORPORATED and PHS MEDICAL SERVICES, P.C., intentionally inflicted emotional distress upon the Plaintiff, causing her to suffer severe anxiety, public humiliation and embarrassment.

## SIXTH STATE LAW CLAIM

39. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Thirty Eight (38) as if fully stated herein.

40. That the actions of Defendant DOCTOR FRANCK LEVEILLE intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment.

## SEVENTH STATE LAW CLAIM

41. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1)

through Forty (40) as if fully set forth herein.

42. That the actions of Defendant DOCTOR FRANCK LEVEILLE intentionally inflicted an unlawful touching upon the person of Plaintiff for the Defendant's own sexual gratification, in violation of various New York State Penal Law Statutes, causing Plaintiff to suffer anxiety, public humiliation and embarrassment.

### EIGHTH STATE LAW CAUSE OF ACTION

43. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Forty Two (42) as if fully set forth herein.

44. That the actions of Defendant NEW YORK CITY CORRECTIONS OFFICER LATISHA FARLEY did result in the intentional infliction of emotional distress to Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### NINTH STATE LAW CAUSE OF ACTION

45. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Forty Four (44) as if fully set forth herein.

46. That the actions of Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS, by negligently hiring, training, supervising and/or instructing Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER LATISHA FARLEY did result in the aforementioned and hereinafter mentioned harm to Plaintiff.

### TENTH STATE LAW CAUSE OF ACTION

47. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Forty Six (46) as if fully set forth herein.

48. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training,

supervising and/or instructing Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER LATISHA FARLEY did result in the aforementioned and hereinafter mentioned harm to Plaintiff.

### ELEVENTH STATE LAW CAUSE OF ACTION

49. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Forty Eight (48) as if fully set forth herein.

50. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY CORRECTIONS OFFICER LATISHA FARLEY, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS and NEW YORK CITY CORRECTIONS OFFICER LATISHA FARLEY, Shield Number 18331.

3. Punitive Damages against Defendants PRISON HEALTH SERVICES, INCORPORATED and PHS MEDICAL SERVICES, P.C.

4. Punitive damages against Defendant DOCTOR FRANCK LEVEILLE

5. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

6. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: March 29, 2011

                                              _____
VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
**NAHAJEHA DICKERSON**
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373

| | |
|---|---|
| Filename: | Nahajeha Dickerson Seocnd amended_1983_Complaint |
| Directory: | C:\Documents and Settings\Victor M. Brown\My Documents |
| Template: | C:\Documents and Settings\Victor M. Brown\Application Data\Microsoft\Templates\Normal.dot |
| Title: | UNITED STATES DISTRICT COURT |
| Subject: | |
| Author: | Victor Brown |
| Keywords: | |
| Comments: | |
| Creation Date: | 3/29/2011 6:58:00 PM |
| Change Number: | 2 |
| Last Saved On: | 3/29/2011 6:58:00 PM |
| Last Saved By: | Victor Brown |
| Total Editing Time: | 2 Minutes |
| Last Printed On: | 3/29/2011 6:58:00 PM |
| As of Last Complete Printing | |
| Number of Pages: | 15 |
| Number of Words: | 3,467 (approx.) |
| Number of Characters: | 19,105 (approx.) |