UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
NAHAJEHA DICKERSON,
                              Plaintiff,

    -against-


THE CITY OF NEW YORK,
NEW YORK CITY DEPARTMENT
OF CORRECTIONS,
NEW YORK CITY CORRECTIONS
OFFICER LATISHA FARLEY,
                            Defendant(s).
-----------------------------------------------------X

Docket # 10 CV 4620
(BMC)

**PLAINTIFF'S RESPONSE MEMORANDUM OF LAW**
**Declaration of Victor M. Brown,**

## PRELIMINARY STATEMENT

Defendants City of New York, The New York City Department of Corrections and New York City Corrections Officer Latisha Farley have moved for dismissal of the Plaintiff's second amended complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds the Plaintiff has failed to state a claim for municipal liability, that the Department of Corrections is not a suable entity, and that the Plaintiff has failed to "state a due process claim" against Defendant Officer Farley. The City Defendants also contend that Summary Judgment under Rule 56 is applicable and warranted because the Plaintiff has failed to state a claim against the City of New York for negligent hiring, training and retention, and that the Plaintiff has failed to state a claim against Defendant Corrections Officer Farley for the intentional infliction of emotional distress. Finally, the City Defendants also contend that the Plaintiff has failed to "state a claim against Defendant City of New York for respondeat superior". The Plaintiff respectfully submits that an examination of the Defendant's arguments and evidence submitted in favor of

1

summary judgment, Plaintiff's second amended complaint, and the facts of the case, warrant denial of the Defendant's motion.

## STATEMENT OF FACTS

Pursuant to the local rules of the Court, the Plaintiff has submitted the Defendants' Rule 56.1 Statement of Facts, under separate cover, as part of her response to the Defendant's motion, accompanied by Plaintiff's disputed version of facts where applicable.

## STANDARD OF REVIEW

The purpose of summary judgment motions is to allow the court to "streamline the process for terminating frivolous claims and concentrate its resources on meritorious litigation." See Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986).  In addressing a summary judgment motion the court must view the evidence in the light most favorable to the non-movant party and must draw all reasonable inference in her favor. (citations omitted)  The Second Circuit has held that the "court must take care not to abort a genuine factual dispute prematurely and thus deprive a litigant of his day in court." See Donahue v. Windsor Locks Bd. of Fire Commissioners, 834 F.2d 54, 55 (2d Cir 1987) The Second Circuit has also held that "a moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case." Gallo v. Prudential Residential Services, 22 F3d 1219, 1223-24 (2d Cir. 1994)

Once the movant properly makes a motion for summary judgment, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  To withstand the motion, the nonmovant's materials must identify an issue of fact germane to the legal dispute that is raised by more than

2

mere speculation, conjecture or conclusory allegations. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986)   The non-movant cannot defeat a properly supported summary judgment motion without offering any significant probative evidence tending to support the claim.  <u>Anderson v. City of New York</u>, 657 F. Supp. 1571 (S.D.N.Y. 1987) The "mere existence of factual issues-where those issues are not material to the claims before the court-will not suffice to defeat a motion for summary judgment". See <u>Butler Foods, Inc. v. Trailer Marine Transport Corp</u>. 680 F. Supp. 472 (1988)

      The Supreme Court has held that a disputed fact is material only if it might effect the lawsuit's outcome under the governing law and thereby preclude granting summary judgment.  See <u>Anderson v. Liberty Lobby Inc.</u> 477 U.S. 242, 247 (1986)  To determine what constitutes a genuine issue of fact, the court should apply the same test as it does in deciding whether to grant a directed verdict. If the court determines that a rational trier of fact could not return a verdict in favor of the nonmovant, summary judgment should be denied. <u>Anderson</u> *supra*

## **PLAINTIFF'S RESPONSE TO DEFENDANT POINT ONE**

      Defendant City of New York (hereinafter "City") argues that it is entitled to summary judgment because the Plaintiff has failed to establish that the City is liable based upon the four part criterion utilized to determine the existence of a municipal policy or practice, as articulated by the Supreme Court in the case of <u>Monnell v. Department of Social Services</u>, 436 U.S. 658 (1978)  Specifically, the City claims that the Plaintiff has not demonstrated or shown the existence of a "formal policy" officially promulgated or adopted by the municipality, which is the first of the four elements required to establish municipal liability.  Indeed, the City argues that it appears that the

Plaintiff's position is "that the City *lacks* a policy requiring the presence of a female escort or chaperone during a medical examination of a female inmate"…and further that the Plaintiff has "failed to come forward with any evidence of this purported policy which is fatal to her claim". (Defendant Memorandum at page 5). The former assertion is only partially correct and omits several genuine issues of material fact which are germane to the resolution of the case in the Plaintiff's favor. The latter assertion concerning the Plaintiff's alleged failure to come forward with evidence in this regard is completely incorrect.

Defendant City is correct in that it is the Plaintiff's position in the first and second causes of action in the second amended complaint that Defendant City and its agency, Defendant Department of Corrections do not have a policy concerning female employees of Prison Health Service, Inc. and PHS Medical Services P.C. (the contractual medical providers for medical care performed upon inmates in custody at City correctional facilities, which are named Defendants that have settled the case in principal with the Plaintiff), chaperoning female inmates during medical examinations performed by male doctors. There exists in the record, and is included as an exhibit herein, deposition testimony from the Plaintiff and Defendant Officer Farley that indicate that female inmates were not escorted or chaperoned during medical examinations performed by male doctors. (See Plaintiff's Exhibit 1 and 2, depositions of Plaintiff and Officer Farley)

It is, however, also the Plaintiff's position that c*orrections officers* received no instruction or training from the movant defendants in escorting female inmates during examinations conducted by male doctors, and were not required to chaperone female inmates during medical exams, as is required in the private sector, and that the Defendant

4

City had no policy or guidelines in effect for escorts. This alleged failure constitutes a practice by the City, which in effect is a de facto policy of the municipality, resulting in municipal liability. See Monell, *supra*. (see Pl. Exhibit 2, Officer Farley Deposition at page 41, lines 9-19) The practice constitutes an issue of material fact which warrants denial of this portion of the defendant's motion.

Normally proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, *unless* proof of the incident includes proof that it was caused by an existing unconstitutional municipal policy, which policy can be attributed to a municipal policy maker. See Oklahoma City v. Tuttle, 471 U.S. 808, 823-4, 85 L.Ed. 2d 791, 105 S.Ct.2427 (1985)(emphasis added) Here, the constitutional violation was arguably caused by the inability of an inmate to file a complaint concerning an allegation of wrongdoing committed against them, which is a policy demonstrating deliberate indifference within the confines and control of the Department of Corrections, the lack of training of City employees in dealing with issues of inmates making accusations against employees at Rikers Island and escorting female inmates to examinations conducted by male doctors and the malfeasance of Officer Farley.

It is also the Plaintiff's position in the fourth Federal cause of action, which is supported by deposition testimony and documentary evidence, that employees of Defendant City of New York and its agency, named Defendant Department of Corrections and Defendant Officer Farley, did not receive, nor did the City or its Department of Corrections administer, any training or supervision concerning the *reporting* of criminal conduct alleged to have been committed *against inmates* by members of the Department of Corrections or other civilian employees working in

5

correctional institutions operated by the City of New York. (see Officer Farley Deposition page 20, lines 17 to 25, page 82, lines 3-9). This fact relates to the fourth prong of municipal liability as promulgated in Monnell. Officer Farley stated that she only received training concerning incidents where the perpetrator was alleged to have been an *inmate*. Officer Farley testified that although she received refresher training concerning search procedures, cardio pulmonary resuscitation, and the use of electric shields on inmates, she didn't recall refresher courses on the reporting of incidents which occurred, and in fact received no training on reporting incidents where the victim is an inmate and the accused is someone *other* than an inmate. (see Pl. Exhibit 2, at pages 60 and 61) Officer Farley also did not recall the Plaintiff reporting the incident to her at all. Later in the same deposition under questioning by counsel for the Defendant, Officer Farley stated that she would have remembered an inmate relating such an incident.(see Farley Deposition at pages 81 and 82). This is also a material fact in dispute in this case.

  The Plaintiff's position is that the aforementioned facts are material and constitute deliberate indifference to the rights of inmates upon the part of the City municipality and its agency in an area where the need for training is patently obvious, thereby creating and causing violations of Due Process and the Fourteenth and Eighth Amendments of the United States Constitution. see Walker v. City of New York, 974 F.2d 293 (2d Cir. 1992) In this case there is an obvious causal connection between the policy of the City and the deprivation of the Plaintiff's Constitutional rights. see Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir 1985), cert. denied 480 U.S. 916, 107 S.Ct. 1369; 94 l.ed. 2d 685 (1987) Converse to the City's argument, it is not necessary that the Plaintiff establish that it is a Constitutional requirement that a chaperone of the same sex be present in order for

her to succeed in this claim, or that the Plaintiff should have requested a chaperone be present for her examination. Physical assaults on inmates by prison personnel are often the basis for successful 1983 actions (citations omitted), yet Defendant Farley stated that she received no training in the reporting of such incidents. Accordingly, this portion of the Defendant's motion for summary judgment must be denied.

## PLAINTIFF'S RESPONSE TO DEFENDANT POINT II

Defendant City of New York makes the conclusory argument that pursuant to the Charter of the City of New York, the Department of Corrections is an "agency within the meaning of the City Charter, and is therefore not a suable entity." (See Defendant Memorandum of Law at page 7) Defendant City cites the case of Adams v. Galletta, 966 F. Supp.210 (S.D.N.Y. 1997) for the proposition that where the Plaintiff has named the Department of Corrections as a defendant, he has sued a non-suable entity." Adams at 212. What the Defendants fail to point out is that the Court in Adams stated in a footnote was that the Plaintiff in that case: a) failed to sue the City of New York and b) failed to make out the necessary allegations for municipal liability as stated in Monell. In the instant matter the Plaintiff would respectfully contend that she has made out municipal liability under Monell.

## PLAINTIFF'S RESPONSE TO DEFENDANT POINT III

Defendant City of New York argues that the Plaintiff has failed to state a claim of liability under the Due Process Clause of the Constitution because the conduct of Defendant Officer Farley in failing to report the Plaintiff's allegation against Dr. Leveille was not "so egregious, so outrageous, that it may be fairly said to shock the conscience".

7

Defendant City cites the case of Okin v. Village of Cornwall-on-Hudson Police Department, 577 F.3d 415 (2d Cir 2009) to support this position, essentially arguing that that Officer Farley was negligent, and that there is no remedy for negligence by a custodial official under the Due Process Clause of the Constitutions' Fourteenth Amendment.(see Defendant Memorandum of Law at page 9)   This argument conveniently omits the fact that the Plaintiff contends that Officer Farley's conduct in failing to report the Plaintiff's allegations was *intentional*, not negligent, and there exists ample factual evidence to support the Plaintiff's position (see Plaintiff's Rule 56.1 Statement of Facts in Opposition).  The determination of the issue of whether Officer Farley's conduct was intentional or negligent is one which combines fact and law and is material and germane to the instant litigation, which a reasonable trier of fact might disagree upon, requiring the denial of this portion of the Defendant's motion.

By failing to report the Plaintiff's allegations, Defendants Officer Farley, the New York City Department of Corrections and the City of New York, enabled a man who is arguably a sexual predator, to continue to work within the New York City Corrections system, conducting examinations of female inmates without an escort, resulting in his arrest and indictment for allegedly committing a subsequent sexual assault against another female inmate.  The malfeasance by Defendant Officer Farley and the other named defendants is shocking to the conscience.   (Defendant Dr. Leveille, who is also included in the settlement with the Plaintiff via Defendant PHS, Inc., fled the jurisdiction prior to the conclusion of the prosecution, the named Defendants have also been sued civilly by that alleged victim in a case recently removed from Bronx Supreme Court to the Southern District of New York)

8

Sexual predation is a well known risk to law enforcement as demonstrated by the passing of the Sexual Offender Registration Act, (New York Correction Law 168) which includes in its determination of levels of risk the relationship between the offender and the victim, including doctor-patient relationships. The Court in <u>Okin</u> made ample mention of the fact that the principle of domestic violence is well known to law enforcement. To the extent that the officers in <u>Okin</u> were *not* aware of that fact reflected upon their lack of training, which was why municipal liability attached in that case.

### **PLAINTIFF'S RESPONSE TO DEFENDANT'S POINTS IV,V &VI**

The City Defendants argue that the Plaintiff has failed to make out a claim for negligent training, hiring and supervision because the City Defendants admit that Officer Farley was acting within the scope of her employment. The City Defendants also allege that the Plaintiff has not made out a claim for the intentional infliction of emotional distress, and has failed to make out a claim for respondeat superior. The Plaintiff would respectfully contend that there exists issues of material fact concerning the issues of respondeat superior and the intentional infliction of emotional distress which warrant denial of that portion of the Defendant's motion. It is quite clear that the Plaintiff has stated a claim for liability under the theory of respondeat superior. Officer Farley was admittedly acting as the Defendant City's employee and the City was responsible for training her. Her obvious confusion in her duties and obligations is manifest in her deposition testimony. (see Pl. Exhibit 2) Defendants argue only two of the issues concerning the liability of Officer Farley, and both of those causes of action have factual issues which are germane to the controversy at bar (citations omitted)

An action may lie for the intentional infliction of emotional distress if the "conduct complained of exceeds all bounds usually tolerated by decent society". (See Prosser, Torts, 4th Ed. Subsection 12 as cited in <u>Fischer v. Maloney</u>, 43 NY2d 553). Conduct that is contrary to public policy may also be considered. see <u>Stuto v. Fleishman</u>, 164 F3d. 820, 828 (2d Cir 1999) In the instant matter the Plaintiff is alleging that Officer Farley's failure to report the Plaintiff's allegations was both outrageous, and an act which was contrary to public policy, and that reasonable jurors could disagree on this rendering the issue unsuitable for dismissal via summary judgment. The lack of training concerning the process by which an inmate in a New York City correctional facility can allege wrongdoing committed by corrections and non-corrections personnel is shocking to the conscience and violates the United States Constitution and the bounds of decency in our society. In New York there is no "question that sexual harassment can give rise to a claim for intentional infliction of emotional distress". See <u>Bonner v. Guccione</u>, 916 F. Supp. 271, 276 (S.D.N.Y. 1996) quoting <u>Collins v. Willcox, Inc</u>. 600 N.Y.S.2d 884, 885

## **CONCLUSION**

For all of the abovementioned reasons, the Plaintiff respectfully requests that the Defendant's motion be denied in its entirety.

Dated: May 19, 2011

New York, NY

/s/

_____
VICTOR M. BROWN, ESQ.
Attorney for Plaintiff
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373

10

**VIA ECF**

The Office of Corporation Counsel
100 Church Street
New York, NY 10007
Att: Lisa M. Richardson, Esq.

| | |
|---|---|
| Filename: | Dickerson Summary Judgement Response memorandum of law |
| Directory: | C:\Documents and Settings\Victor M. Brown\My Documents |
| Template: | C:\Documents and Settings\Victor M. Brown\Application Data\Microsoft\Templates\Normal.dot |
| Title: | UNITED STATES DISTRICT COURT |
| Subject: | |
| Author: | Victor Brown |
| Keywords: | |
| Comments: | |
| Creation Date: | 5/16/2011 4:41:00 PM |
| Change Number: | 12 |
| Last Saved On: | 5/19/2011 11:16:00 PM |
| Last Saved By: | Victor Brown |
| Total Editing Time: | 766 Minutes |
| Last Printed On: | 5/19/2011 11:17:00 PM |

As of Last Complete Printing
   Number of Pages: 11
   Number of Words: 2,925 (approx.)
   Number of Characters: 15,476 (approx.)